UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MADELYN RENE' APPAREL, INC.          CIVIL ACTION

VERSUS                               NO. 06-6390

TRANSPORTATION INSURANCE             SECTION "C"
COMPANY, ET AL

ORDER AND REASONS

This matter comes before the Court on the issue whether the jurisdictional amount

existed at the time of removal.  Having considered the record, the memoranda of counsel

and the law, the Court has determined that remand is appropriate for the following

reasons.

The parties may neither consent to nor waive federal subject matter jurisdiction.

Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the

removing party are insufficient to invest a federal court of jurisdiction.  Asociacion

Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow

Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994).

Instead, the Fifth Circuit advises the district courts that they should review their subject

matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

The defendant has not met its burden.  It is not facially apparent from the petition that the amount in controversy exists and, although the parties agree that the amount in controversy may prove to exceed $75,000, affirmative proof is not provided.[1]  The proof should have been in existence at the time of removal.  In this regard, the Court notes that the defendants removed this matter on September 25, 2006, and the parties have been

---

[1]    The Court finds that the affidavit of the plaintiff's counsel, who is not stated to be a principal of the plaintiff business and does not state that he has personal knowledge of its finances, may be indicative of consent, is insufficient to affirmatively establish jurisdiction.

afforded additional opportunity to provide the Court with the necessary evidence.

In addition, the Court is mindful that removal jurisdiction is strictly construed.

See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792

F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller

& E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter

jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C

*Federal Practice & Procedure: Civil*, §3739.

IT IS ORDERED that this matter be and hereby is REMANDED to the Civil

District Court for the Parish of Orleans, State of Louisiana for lack of jurisdiction under

28 U.S.C. § 1147(c).

New Orleans, Louisiana, this 16th  day of January, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE